UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BOBBY R. BLAIN,

          Plaintiff,

v.                                       Case No. 22-CV-1142

MILWAUKEE COUNTY HIGHWAY MAINTENANCE DEPT., et al.,

          Defendants.

## RECOMMENDATION AND ORDER

Bobby R. Blain, who is representing himself, filed this action on September 29, 2022. On October 11, 2022, the court granted his motion to proceed without prepayment of the filing fee but ordered him to submit an amended complaint. (ECF No. 5.) Blain has done so (ECF No. 6), and now the court must review that amended complaint to determine whether it is sufficient to proceed.

Blain prefaces the "Statement of Claim" portion of his amended complaint with "Plausible cause of action: Disability, age, race." (ECF No. 6 at 2.) He goes on to allege that in 2017 he was wrongfully terminated from his position with Milwaukee County. Although the county stated that his termination was because he violated work rules, he says it was actually because he had a disability that allowed him to work only two or

three days per week. (ECF No. 6 at 3.) Those allegations call to mind a claim under the Americans with Disabilities Act. *See* 42 U.S.C. § 12112(a).

Blain also alleges that "the county has a work release program with other white employees were offered that I was not." (ECF No. 6 at 3.) This calls to mind a claim of race discrimination under Title VII of the Civil Rights Act of 1964, *see* 42 U.S.C. § 2000e-2(a)(1), although Blain does not identify his race.

He also states he believes he was not offered the "work release program" because of his age. (ECF No. 6 at 3.) But he offers nothing more than this bald assertion. He does not, for example, state his age or provide any details. Such conclusory allegations are insufficient to state a claim under the Age Discrimination in Employment Act of 1967. *See* 29 U.S.C. §§ 631(a), 623(a). Therefore, insofar as Blain intended to allege a claim for age discrimination, the court will recommend that that the claim be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

As the court noted previously, Blain's action appears untimely. Claims under Title VII or the ADA generally must be initiated within 300 days of the allegedly unlawful conduct. 42 U.S.C. §§ 2000e-5(e)(1), 12117(a). Blain has made no effort to address this issue in his amended complaint.

Additionally, a plaintiff generally cannot file a discrimination suit unless he has first presented his claim to the EEOC and received a right to sue letter. There is no indication that Blain did so here. In fact, as the court noted in its prior order, in his

initial complaint Blain stated that he gave up his "right to go in front of the Equal Employment Opportunity Commission I signed the document the measly $500.00 dollars so I could make my mortgage payment back then." (ECF No. 5 at 5 (quoting ECF No. 1 at 8).)

Some courts have found it appropriate to dismiss actions at the screening stage when the plaintiff has failed to demonstrate that he has exhausted his administrative remedies by, for example, attaching a right to sue letter to his complaint. *See, e.g.*, *Jackson v. Mark Twain Hotel*, No. 15-cv-1445, 2015 U.S. Dist. LEXIS 156347, at *4 (C.D. Ill. Nov. 19, 2015); *Jackson v. Bd. of Educ.*, No. 10 C 5710, 2012 U.S. Dist. LEXIS 116514, at *6-7 (N.D. Ill. July 27, 2012). However, because timeliness and exhaustion are affirmative defenses subject to equitable tolling, *Palmer v. Ind. Univ.*, 31 F.4th 583, 588 (7th Cir. 2022), and waiver, *Volovsek v. Wis. Dep't of Agric., Trade, & Consumer Prot.*, 344 F.3d 680, 687 (7th Cir. 2003), the court finds that it is not appropriate for the court to resolve those issues at this preliminary stage, *see Carrington v. MCTS*, No. 21-CV-1351-JPS, 2021 U.S. Dist. LEXIS 226531, at *5 (E.D. Wis. Nov. 24, 2021).

The court also notes that the "Milwaukee County Highway Maintenance Department" is not a proper defendant. It is not a suable entity separate from Milwaukee County. *See Hermann v. Dunn Cty.*, 761 F. App'x 647, 650 (7th Cir. 2019). The proper defendant is Milwaukee County, and the Clerk shall substitute Milwaukee County for the Milwaukee County Highway Maintenance Department.

Nor is a supervisor or manager (*see* ECF No. 6 at 1) a proper defendant. An individual is not an "employer" under Title VII or the ADA. *See Stanek v. St. Charles Cmty. Unit Sch. Dist. #303*, 783 F.3d 634, 644 (7th Cir. 2015); *Gastineau v. Fleet Mortg. Corp.*, 137 F.3d 490, 493 (7th Cir. 1998). Therefore, the court will recommend that Dawon Averheart and Greg Heisle be dismissed as defendants.

**IT IS THEREFORE ORDERED** that Milwaukee County is substituted for the Milwaukee County Highway Maintenance Department.

**IT IS FURTHER RECOMMENDED** that Dawon Averheart and Greg Heisle be dismissed as defendants.

**IT IS FURTHER RECOMMENDED** Blain may proceed against Milwaukee County on claims that Milwaukee County violated the ADA and Title VII but any claim under the Age Discrimination in Employment Act be dismissed.

**IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2), any written objections to any recommendation herein or part thereof shall be filed within fourteen days of service of this recommendation. Failure to timely object waives a party's right to review.

Dated at Milwaukee, Wisconsin this 21st day of November, 2022.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge