UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BOBBY R BLAIN,

                Plaintiff,

v.                                                             Case No. 22-cv-1142

MILWAUKEE COUNTY, et al.

                Defendants.

## ORDER ADOPTING MAGISTRATE JUDGE RECOMMENDATION

On September 29, 2022, *pro se* Plaintiff Bobby R. Blain filed a complaint against Dawon Averheart, Greg Heisle, and the Milwaukee County Highway Maintenance Department, vaguely alleging "wrongful termination" for "work related violations." (ECF No. 1 at 1-2.) He also filed a contemporaneous motion to proceed *in forma pauperis* (IFP). (ECF No. 2.) Under 28 U.S.C. Section 1915, a court may allow a litigant to proceed IFP if it confirms that the litigant is indigent, and the action is not frivolous, states a claim, and is not brought against an immune defendant. 28 U.S.C. §1915(a)(1), (e)(2).

Blain's indigency is not in question, but Magistrate Judge William Duffin (who performed the screening in this case) found no claims in the operative complaint. (ECF No. 5.) Treating Blain with the leniency a *pro se* plaintiff deserves, Judge Duffin explained where the complaint fell short and granted leave to amend. (*Id.*) Blain then timely filed an amended complaint on November 2, 2022. (ECF No. 6.) Judge Duffin also screened the amended complaint and identified three possible claims: (1) violations of the Americans with Disabilities Act (ADA); (2) violations of Title VII of the Civil Rights Act of 1964; and (3) violations of the Age Discrimination in Employment Act of 1967 (ADEA). (ECF No. 7 at 2.) He issued a Recommendation and Order, concluding that Blain had done enough to maintain his ADA and Title VII claims against Milwaukee County but had no claim under the ADEA because he did not "state his age or provide any details." (*Id.*) The case was then referred to this Court. A few days later, Blain filed what can be generously construed as objections to Judge Duffin's Recommendation. (ECF No. 9.)

## ANALYSIS

A district court reviews, *de novo*, any part of a magistrate judge's disposition to which a party properly objects. *See* Fed. R. Civ. P. 72(b)(3). Where no objection is raised, the magistrate's report is reviewed only for clear error. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) (citations omitted).

In his objections, Blain asks the Court not to dismiss his ADEA claim. He states that he was 58 at the time of his termination and he believes his age played a role in his employer's decision to fire him. (ECF No. 9 at 1.) As Judge Duffin explained, this information should have been included in the complaint. (ECF No. 7 at 2.) It is not difficult to state an ADEA claim. All a plaintiff must do is allege termination based on age, "detail[] the events leading to his termination, provide[] relevant dates, and include[] the ages . . . of at least some of the relevant persons involved with his termination." *Swierkieicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). But Blain's amended complaint does not reference his age and only obliquely hints that age may have factored into his employer's decision to exclude him from "a work release program." (ECF No. 6 at 3.) The Court agrees with Judge Duffin that this is insufficient. In light of the difficulties of navigating the legal system *pro se*, the Court will nevertheless allow Blain one more opportunity to amend his complaint to salvage his ADEA claim. If he so wishes, Blain may file a second amended complaint that incorporates the information necessary to state a claim under the ADEA on or before January 5, 2023. If no amended complaint is filed, Blain's ADEA claim will be dismissed, and he will proceed only on his race and disability discrimination claims.

The balance of Blain's objections concern timeliness and exhaustion. Judge Duffin's Recommendation notes that Blain's claims appear untimely because they were initiated too late. (ECF No. 7 at 2.) And Blain also seems to have admitted that he did not exhaust his administrative remedies before the Equal Employment Opportunity Commission (EEOC), another prerequisite for a federal suit. (*Id.* at 2-3.) These apparent defects could present problems going forward, but because timeliness and exhaustion are affirmative defenses subject to equitable tolling and waiver, it is not appropriate to resolve those issues at screening. *Palmer v. Ind. Univ.*, 31 F.4th 583, 588 (7th Cir. 2022); *Volovsek v. Wis. Dep't of Agric., Trade, & Consumer Prot.*, 344 F.3d 680, 687 (7th Cir. 2003). Blain's objections to this part of the Recommendation are therefore irrelevant for the time being.

After consideration of Magistrate Judge Duffin's Recommendation, Blain's objections, and the record as a whole, the Court adopts the Recommendation.

Accordingly,

**IT IS HEREBY ORDERED** that Dawon Averheart and Greg Heisle are dismissed as defendants.

**IT IS FURTHER ORDERED** that Blain may proceed against Milwaukee County on claims that the County violated the ADA and Title VII, but the ADEA claim is dismissed. If Blain wishes to pursue his ADEA claim, he must file a second amended complaint that sufficiently pleads that claim on or before **January 5, 2023**. If no amended complaint is filed, Blain will only proceed on his ADA and Title VII claims.

Dated at Milwaukee, Wisconsin on December 21, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge