UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BOBBY R BLAIN,

        Plaintiff,

v.                                                                                 Case No. 22-cv-1142

MILWAUKEE COUNTY

        Defendant.

**DECISION AND ORDER GRANTING SUMMARY JUDGMENT**

In March 2017, Plaintiff Bobby Blain was fired for cause from his position as a highway maintenance worker for Milwaukee County following his involvement in a hit-and-run accident. After his termination, Blain filed a discrimination complaint with the Wisconsin Department of Workforce Development's Equal Rights Division (ERD), alleging that the County discriminated against him on the basis of his age, race, and disability. His complaint was cross-filed with the U.S. Equal Employment Opportunity Commission (EEOC). With advice from counsel, Blain agreed to settle his claims for $500.00. Then, after settling, Blain filed this lawsuit, alleging that the County discriminated against him in violation of Title VII of the Civil Rights Act of 1964 (Title VII) and the Americans with Disabilities Act (ADA). The County now moves for summary judgment, arguing, among other things, that Blain's ERD settlement bars his federal discrimination claims. The Court agrees, and the County's motion will be granted.

**BACKGROUND**[1]

Bobby Blain was employed by Milwaukee County from October 10, 2005 until his termination on March 28, 2017. (ECF No. 39 ¶1.) At the time of his termination, Blain was a Highway Maintenance Worker 2 for the County. (*Id.*)

Prior to his termination, Blain was reprimanded multiple times for violations of County Work Rules. (*Id.* ¶3.) In 2013, Blain tested positive for cocaine and the County issued charges

---

[1] These facts are derived from Defendant's statement of proposed facts and accompanying evidence in support of its motion for summary judgment. (ECF Nos. 39–41.) When a party fails to properly respond to a motion for summary judgment, the Court accepts the moving party's version of the facts as true. *Terrell v. Am. Drug Stores*, 65 Fed. Appx. 76, 77 (7th Cir. 2003); Civil L. R. 56(b)(4).

against him for discharge. (*Id.* ¶4.) He later entered into a last chance agreement with the County, allowing him to continue in his position. (*Id.* ¶5.) In the following year, Blain committed three County Work Rule violations, causing costly damage to County property and leading to a one-day suspension. (*Id.* ¶¶6–11.)

On February 25, 2017, Blain was in an accident while operating County equipment. (*Id.* ¶14.) He was cited by Brown Deer police for his role in the accident and then failed to report the incident to the County until the following day. (*Id.*) On March 2, 2017, the County suspended Blain without pay, served him with a Notice of Discharge, and filed official charges with the Milwaukee County Personnel Review Board (PRB). (*Id.* ¶18.)

The PRB held an evidentiary hearing on March 28, 2017. (*Id.* ¶19.) Blain appeared and was represented by counsel. (*Id.* ¶20.) After the hearing, the PRB found that Blain had been involved in a hit-and-run accident on February 25, 2017, while operating a County plow truck, approximately 25 blocks from his assigned route. (*Id.*; ECF No. 41-10 at 2, 4.) The PRB further determined that the County was justified in terminating Blain, and his termination from County employment became effective March 28, 2017. (ECF No. 39 ¶21.)

On November 27, 2017, Blain filed a complaint with the ERD, alleging that the County had discriminated against him on the basis of his age (born: 1959), race (African American), and disability (a back injury that occurred while on the job). (*Id.* ¶¶22, 24.) On November 30, 2017, the EEOC also acknowledged receipt of Blain's discrimination complaint but elected to leave the investigation of Blain's allegations to the ERD. (*Id.* ¶23; ECF No. 41-11 at 5.) On April 27, 2018, an ERD investigator determined that there was no probable cause that the County violated the Wisconsin Fair Employment Law and dismissed the complaint. (ECF No. 39 ¶¶27–29.)

Blain appealed the investigator's determination, and a probable cause hearing was held beginning on May 22, 2019. (*Id.* ¶¶30–32.) Blain was represented by retained counsel at the hearing. (*Id.* ¶32.) During a break on the second day of the hearing, Blain's counsel and counsel for the County reached a settlement agreement, in which Blain agreed to withdraw his claims in exchange for $500.00. (*Id.* ¶¶33–41.) The written agreement reads, in relevant part, that "Bobby Blain . . . agrees to withdraw his claims and accept payment of a sum total of $500.00 (five hundred dollars) paid by Milwaukee County in full satisfaction and release of all claims of disability arising out of his employment with Milwaukee County." (ECF No. 41-17.) Blain signed the agreement on May 30, 2019, and was paid the agreed upon sum on June 26, 2019. (ECF No. 39 ¶¶58, 64.)

Upon signing, Blain also filed a request to withdraw his ERD and EEOC complaints. (*Id.* ¶58–59; ECF No. 41-18 at 2.) On the withdrawal form, Blain did not check the boxes indicating that he wished the EEOC to investigate his federal claims or issue a right-to-sue letter so he could pursue his federal claims in federal court. (ECF No. 41-18 at 2.) On June 6, 2019, the administrative law judge dismissed, with prejudice, Blain's complaint. (ECF No. 39 ¶63.)

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if the record shows there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The Court must determine whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A fact is "material" if, under the governing law, it could have an effect on the outcome of the lawsuit. *Id.* at 248; *Contreras v. City of Chicago*, 119 F.3d 1286, 1291–92 (7th Cir. 1997). A dispute over a material fact is "genuine" only if a reasonable trier of fact could find in favor of the non-moving party on the evidence presented. *Anderson*, 477 U.S. at 248.

The moving party bears the initial burden of proving the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). This burden "may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the non-moving party's case." *Id.* at 325. Upon such a showing, the burden shifts to the opposing party to "make a showing sufficient to establish the existence of an element essential to that party's case." *Modrowski v. Pigatto*, 712 F.3d 1166, 1168 (7th Cir. 2013) (quoting *Celotex*, 477 U.S. at 322). This burden is not onerous, but the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party "must come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Id.* at 587 (emphasis in original) (quoting Fed. R. Civ. P. 56(e)). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id.* (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

If the parties assert different characterizations of the facts, the Court must view the record in the light most favorable to the non-moving party. *EEOC v. Sears, Roebuck & Co.*, 233 F.3d 432, 437 (7th Cir. 2000). "Although we construe all facts and make all reasonable inferences in

the nonmoving party's favor, the moving party may succeed by showing an absence of evidence to support the non-moving party's claims." *Marnocha v. St. Vincent Hosp. & Health Care Ctr., Inc.*, 986 F.3d 711, 718 (7th Cir. 2021) (quoting *Tyburski v. City of Chicago*, 964 F.3d 590, 597 (7th Cir. 2020)).

## ANALYSIS

Blain asserts claims for discrimination under the ADA based on an allegedly disabling back injury and under Title VII based on allegations that the County fired Blain, at least in part, because of his race. (ECF Nos. 6, 7, 10.) The County argues that it is entitled to summary judgment on both claims because they are barred by (1) claim preclusion; (2) Blain's prior settlement with the County; and (3) his failure to obtain a right-to-sue letter from the EEOC prior to filing. (ECF No. 38 at 9–19.) The County contends that any one of its three theories is sufficient to warrant a grant of summary judgment in its favor. As discussed below, Blain has both failed to comply with summary judgment procedure and to respond with substantive legal arguments to the County's position. As a result, the record is undisputed that Blain released the County from any claims of discrimination, and that he has not received a right-to-sue letter from the EEOC. Accordingly, the County is entitled to summary judgment and its motion will be granted.[2]

**I.  Blain's Failure to Respond to the County's Proposed Statement of Facts Renders Those Facts Undisputed.**

The rules governing summary judgment apply to both represented and *pro se* parties. *See Greer v. Bd. of Educ.*, 267 F.3d 723, 727 (7th Cir. 2001). This Court's local rules recognize the potential difficulties facing *pro se* litigants and, therefore, provide safeguards to ensure unrepresented parties understand the summary judgment process. When a represented party files a motion for summary judgment against a *pro se* litigant, Civil Local Rule 56(a)(1)(A) requires the moving party to include in their motion "a short and plain statement that any factual assertion in the movant's affidavit, declaration, or other admissible documentary evidence will be accepted by the Court as being true unless the party unrepresented by counsel submits the party's own affidavit, declaration, or other admissible documentary evidence contradicting the factual assertion." Civil Local Rule 56(a)(1)(B) also requires the moving party to include in their motion

---

[2] Because summary judgment is warranted on other grounds, the Court will not reach the County's claim preclusion argument. The Court notes, however, that the doctrine of claim preclusion likely does not bar Blain's claims because his federal claims could not be brought in his ERD action. *See Staats v. County of Sawyer*, 220 F.3d 511, 514–17 (7th Cir. 2000).

"the text to Fed. R. Civ. P. 56 (c), (d), and (e), Civil L. R. 56(a), Civil L. R. 56(b), and Civil L. R. 7," which describe the proper procedure and form for responding to a motion for summary judgment, as well as the consequences of failing to do so.

The record confirms that the County complied with these requirements. The County provided Blain with full notice of the summary judgment process and his response obligations. (*See* ECF No. 37 at 1–8.) Despite this notice, Blain's response to the County's motion does not comply with the summary judgment requirements. He did not submit a memorandum of law, as required by Rule 56(b)(2)(A), or a response to the County's proposed statement of facts, as required by Rule 56(b)(2)(B). Instead, Blain filed a short letter that does not address the substance of the County's arguments and instead largely repeats the allegations in his complaint. (ECF No. 44.) He also provided a list of County workers that were purportedly not terminated for similar violations and asks the Court to dismiss the County's summary judgment motion. (*Id.* at 3.) None of his factual assertions are supported by reference to admissible evidence.

While *pro se* litigants "benefit from various procedural protections" not afforded to represented parties (such as the notice requirements described above), they "are not entitled to a general dispensation from the rules of procedure or court imposed deadlines." *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994). Blaine has not complied with Civil Local Rule 56(b)(2)(A) or (B). His failure to respond to the County's proposed facts is particularly problematic. By rule, that failure results in this Court accepting the County's version of the facts as undisputed for the purpose of summary judgment. *See* Fed. R. Civ. P. 56(e)(2); Civil L. R. 56(a)(1)(A); *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021).

This does not necessarily mean that the County's motion must be granted. Under Federal Rule of Civil Procedure 56, the County is still required "'to show that summary judgment [is] proper given the undisputed facts,' with those facts taken as usual in the light most favorable to the nonmovant." *Robinson*, 1 F.4th at 483 (quoting *Yancick v. Hanna Steel Corp.*, 653 F.3d 532, 543 (7th Cir. 2011)). Because the County has carried this burden, as set forth below, its motion will be granted.

II. **Blain's Prior Settlement with Milwaukee County Bars His Claims.**

The County argues that it is entitled to summary judgment on Blain's claims based on the terms of the release Blain agreed to when he settled his ERD complaint. (ECF No. 38 at 11–16.) A plaintiff may waive his causes of action under both Title VII and the ADA as part of a voluntary

settlement provided his consent to the release was knowing and voluntary. *See Riley v. Am. Fam. Mut. Ins. Co.*, 881 F.2d 368, 371 (7th Cir. 1989); *Beverly v. Abbott Lab'ys*, 817 F.3d 328, 333 (7th Cir. 2016). Whether consent to a release was knowing and voluntary depends on the totality of the circumstances. *Beverly*, 817 F.3d at 333 (citing *Dillard v. Starcon Int'l, Inc.*, 483 F.3d 502, 507 (7th Cir. 2007)). But when a plaintiff executes a release pursuant to the advice of counsel, he is "presumed to have executed the document knowingly and voluntarily absent claims of fraud or duress." *Riley*, 881 F.2d at 373.

It is undisputed that Blain settled his ERD complaint, in which he alleged discrimination based on race, age, and disability discrimination. (ECF No. 41-17.) In exchange for a $500 payment, Blaine agreed to release his claims and withdraw his cross-filed EEOC complaint. (*Id.*) The agreement states that Blain agrees to "release of all his claims of *disability* arising out of his employment with Milwaukee County." (*Id.* (emphasis added).) Arguably, this release did not extend to all of Blain's claims. But the County has provided a declaration from Assistant Corporate Counsel Melinda Lawrence, signed under penalty of perjury, confirming that the agreement was intended to cover all discrimination claims. (ECF No. 40 ¶17.) According to Lawrence, the agreement contains a scrivener's error; it should have used the term "discrimination" to modify "claims," but she mistakenly inserted "disability" instead. (*Id.*) She contends that Blain "agreed to release any and all pending or potential state or federal claims relating to his employment with the County." (*Id.* ¶11.) Blain has not responded to this sworn testimony, leaving it unrefuted.

The Court also notes that the circumstances surrounding the agreement suggest that the parties intended the settlement to release the County from all discrimination claims, as Lawrence reports. Following the settlement, the presiding administrative law judge dismissed Blain's appeal in full, with prejudice. (ECF No. 39 ¶63.) That appeal included not only claims for disability discrimination, but race and age discrimination as well. (*Id.* ¶¶29–30.) Blain also agreed in the release to dismiss his cross-filed EEOC complaint in full, and subsequently did so, indicating that he wished to withdraw his complaint pursuant to a confidential settlement. (ECF No. 41-18.) The Court therefore concludes that Blain released the County from all discrimination claims related to Blain's employment, including those he now asserts under Title VII and the ADA, when he settled his ERD complaint.

Blain's only argument against the validity of the settlement agreement is that he was forced to sign because he needed money to pay his mortgage, or he would have become homeless. (ECF No. 44 at 2.)[3] This appears to be an argument that he did not voluntarily agree to the settlement. Because Blain was represented by counsel, he must show that the agreement was the product of fraud or duress. But Blain makes only nonspecific and unsupported allegations that the County used "unfair tactics" to get him to sign. (*See id.*) Blain has provided no evidence that the County forced him to release his claims via fraud or duress. While Blain's financial troubles may have incentivized him to settle, a claim of duress requires much more proof. To assert duress as a defense to a contract, a party must prove "more than . . . the stress of a difficult bargain position or financial pressure." *Baptist v. City of Kankakee*, 481 F.3d 485, 491 n.2 (7th Cir. 2007) (citing *Pierce v. Atchison, Topeka & Santa Fe Ry. Co.*, 65 F.3d 562, 569 (7th Cir. 1995)). "Furthermore, a party asserting duress cannot prevail if he had an alternative to entering into the agreement." *Id.* Blain had an alternative to the settlement agreement (seeing his ERD appeal through to conclusion) and he has not provided any evidence that the County forced him into the agreement in any manner. Accordingly, the Court concludes that Blain knowingly and voluntarily agreed to release the County from all discrimination claims pursuant to the settlement agreement he executed on May 30, 2019. The County is thus entitled to summary judgment on Blain's discrimination claims under Title VII and the ADA.

### III. Blain's Failure to Obtain a Right-to-Sue Letter Also Bars His Claims.

As a prerequisite to filing suit in federal court, Title VII requires a plaintiff to receive a "right-to-sue" letter from the EEOC. *Doe v. Oberweis Dairy*, 456 F.3d 704, 708 (7th Cir. 2006) (citing 42 U.S.C. §§ 2000e-5(c), (e), (f)(1)). The ADA requires the same. *Halmo v. Klement Sausage Co.*, No. 10-CV-0618, 2010 WL 5018084, at *2 (E.D. Wis. Dec. 2, 2010). Blain admits that he has not received a right-to-sue letter from the EEOC. (ECF No. 39 ¶83; ECF No. 41-19 at 7, 13.) In fact, Blain withdrew his EEOC charge pursuant to his settlement with the County and declined to request a right-to-sue letter. (ECF No. 41-18 at 2.) While "[f]ailure to exhaust administrative remedies can often be excused," *Oberweis*, 456 F.3d at 711–12, Blain has provided no grounds on which the Court might forgive his failure to pursue his discrimination claims with

---

[3] Blain's argument purports to relate to documents he signed in 2017. (*See* ECF No. 44 at 2.) Although the settlement agreement was signed in 2019, (ECF No. 41-17), Blain's discovery responses confirm that his argument relates to that agreement. (*See* ECF No. 41-19 at 5–7, 11–12.)

the EEOC and obtain a right-to-sue letter. Accordingly, the County is also entitled to summary judgment based on Blain's undisputed failure to obtain a right-to-sue letter from the EEOC.

## CONCLUSION

Plaintiff Bobby Blain released Milwaukee County from all claims of discrimination related to his employment with the County pursuant to a 2019 settlement agreement. That agreement, as well as Blain's failure to obtain a right-to-sue letter from the Equal Employment Opportunity Commission, precludes his federal discrimination claims under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act. Accordingly, the County is entitled to summary judgment on both claims and this case will be dismissed.

**IT IS HEREBY ORDERED** that Defendant Milwaukee County's Motion for Summary Judgment, ECF No. 37, is **GRANTED**, and the case is **DISMISSED**. The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on October 29, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge