UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BOBBY R BLAIN,

        Plaintiff,

v.                                                                    Case No. 22-cv-1142

MILWAUKEE COUNTY

        Defendant.

## ORDER

On October 29, 2024, the Court granted Defendant Milwaukee County's motion for summary judgment and dismissed this employment discrimination action brought by *pro se* Plaintiff Bobby Blain, concluding that Blain's claims were barred by a prior settlement with the County and by his failure to obtain a right-to-sue letter from the Equal Employment Opportunity Commission (EEOC) prior to filing suit. (ECF No. 50.) The Clerk entered judgment that same day. (ECF No. 51.) On November 14, 2024, Blain filed a notice of appeal. (ECF No. 52.) In response, the Clerk transmitted the notice of appeal and docket sheet to the United States Court of Appeals for the Seventh Circuit, and Blain's appeal was docketed as USCA Case Number 24-3088. (ECF Nos. 54 & 55.) Since appealing, Blain has made two further filings in this Court. First, on November 25, 2024, Blain filed a motion for leave to appeal without prepayment of the filing fee, or *in forma pauperis* (IFP). (ECF No. 58.) Second, on December 6, 2024, he filed a letter asking the Court to "reopen" his case and to appoint him an attorney. (ECF No. 57.) Both of Blain's requests will be denied.

With respect to Blain's IFP motion, Rule 24(a)(3) of the Federal Rules of Appellate Procedure generally allows a party who was permitted to proceed IFP before the district court to proceed IFP on appeal without further authorization, unless doing so is prohibited by statute or the district court certifies in writing that the appeal is not taken in good faith. Blain was permitted to proceed IFP in this Court, (*see* ECF No. 5), and none of the exceptions apply here. Accordingly, Blain can appeal IFP without further authorization and, indeed, the appellate docket confirms that the Seventh Circuit has already accepted Blain's IFP status on appeal. *See* Order, *Blain v.*

*Milwaukee County*, No. 24-3088 (7th Cir. Nov. 26, 2024), ECF No. 6.  Blain's motion to appeal IFP is thus denied as moot.

The Court will treat Blain's request that his case be "reopened" as a motion for reconsideration under Rule 60(b) of the Federal Rules of Civil Procedure and will deny it because he has provided no grounds for relief from the judgment dismissing his case.  "Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994) (quoting *Dickerson v. Bd. of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994)).  Blain has provided no exceptional circumstances warranting relief.  He supports his request with a December 3, 2024 right-to-sue letter from the EEOC.  (*See* ECF No. 57-2.)  But the EEOC issued this letter *after* this Court had already dismissed his case, and the law requires a plaintiff to obtain a right-to-sue letter *before* filing suit.  *See Doe v. Oberweis Dairy*, 456 F.3d 704, 708 (7th Cir. 2006) (citing 42 U.S.C. §§2000e-5(c), (e), (f)(1)).  Accordingly, Blain's after-the-fact letter does not alter the fact that he filed his case without having first obtained the letter.  Moreover, and in any event, Defendant's motion for summary judgment was also granted because Blain's claims were barred by a prior settlement with Milwaukee County.  (ECF No. 50 at 5–7.)  Blain's motion does not address this basis for the Court's order, and, accordingly, even if his right-to-sue letter could be retroactively applied to this lawsuit, he is still not entitled to relief from the judgment.

Although the Court lacks jurisdiction over this case during the pendency of Blain's appeal, it retains the authority to consider and deny his motion for relief.  *See* Fed. R. Civ. P. 62.1(a)(2).  Accordingly, Blain's motion for reconsideration is denied.

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Appeal Without Prepayment of the Filing Fee, ECF No. 58, is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Reconsideration, ECF No. 57, is **DENIED**.

Dated at Milwaukee, Wisconsin on December 11, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge